LAURA DAYTON DENBY, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

(Claim No. 21978.)

Court of Claims, January 10, 1933.

*John F. Wadlin* [*William D. Brinnier* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Burns F. Barford, Deputy Assistant Attorney-General,* of counsel], for the defendant.

BARRETT, P. J. The accident out of which this claim arose occurred on March 4, 1931. A notice of intention to file a claim was served on April 15, 1931, upon the Attorney-General, and the claim and copies thereof were filed with the clerk of the Court of Claims on July 27, 1931. No claim or notice of intention to file a claim was served on the Superintendent of Public Works within sixty days from the time of the accident as required by section 12-a of the Court of Claims Act.

The claim is for personal injuries and property damages caused by the collision of claimant's automobile with a toll booth on the Mid-Hudson bridge at Poughkeepsie, N. Y. The State brought an action in the Supreme Court, Dutchess county, on June 8, 1931, to recover for damages alleged to have been caused to the toll booth by the collision, to the complaint in which action an answer was duly made demanding dismissal thereof.

On September 16, 1931, it was stipulated in this action that the action be discontinued without prejudice to the right of plaintiffs to interpose a counterclaim in the Court of Claims to the claim of the defendant made therein and accordingly on October 1, 1931, the State made such a counterclaim.

The State now claims that the failure of claimant to file its claim or notice of intention upon the Superintendent of Public Works within sixty days from the time of the accident deprives this court of jurisdiction to hear and determine the claim. Claimant on the other hand contends that the facts above set forth in relation to the action in the Supreme Court and the stipulation and counterclaim constituted a waiver of the requirement of the statute. I am in accord with the position of the State. Section 12-a of the Court of Claims Act expressly requires that before such a claim can be maintained it must, or a notice of intention to file a claim must, be served upon the Superintendent of Public Works within sixty days after the alleged injury occurred. As before stated, the accident happened on March 4, 1931. The Supreme Court action was not instituted until June 8, 1931, and in the meantime no papers were served upon the Superintendent of Public Works and no explanation therefor appears in the record. The stipulation in my judgment cannot be construed to revive a right which already ceased to exist.

Whether the requirement of the statute can in any event be waived by the Attorney-General is a question unnecessary to decide.

At the conclusion of claimant's case and again at the close of the entire case, the State moved for the dismissal of the claim upon the grounds that the claim was not properly served; that the claimant had not established negligence upon the part of the State and that claimant herself was not free from negligence. At the conclusion of the testimony, claimant also moved to dismiss the counterclaim. Decisions on all motions were reserved.

Claimant at the time of the accident was driving her car easterly on the bridge and toward the toll booth for the purpose of handing her ticket to the collector and then driving off the bridge. This toll booth was so constructed that there was nine feet of roadway

on the south side which is the side claimant was approaching and fifteen and one-half feet on the north side. About half an hour before the accident happened snow began to fall, so that at the time of the collision the surface of the bridge was covered by about one and one-half inches of snow, making a slippery surface. There is some testimony in the case that as the snow fell it was being swept off in the vicinity of the toll booth but it kept continually falling and accumulating in spite of the sweeping, until the surface was covered to about the depth of one-half inch. From claimant's testimony it appears that about midway between the toll booth and the center of the bridge the car began to skid; that claimant applied her foot brake but that the car continued to skid until it hit the booth and caused the damages to the car and injuries to claimant. There is also testimony to the effect that sand was not used before the time of the accident and that the use of such sand was helpful only when the surface of the bridge was in an icy condition.

The State is not an insurer of the safety of its bridges and highways. It is responsible only for failure to exercise reasonable care.

The slippery condition of this bridge had existed but half an hour before the accident. There was no proof of other accidents and such time, in my judgment, was not sufficient to charge the State with notice of such condition. The toll booth on the bridge was a necessity. There was no proof that it was of improper construction and under ordinary conditions, plenty of space for passage on either side was available. The conditions at the time of the accident were extraordinary and there is nothing in the record from which it might be inferred that the State could reasonably have anticipated the happening of such an accident.

There was no negligence upon the part of claimant.

The State's motion to dismiss upon the ground that claimant in serving her claim or notice of intention to file a claim failed to comply with section 12-a of the Court of Claims Act is granted.

We have stated our views on the merits of the controversy only because all of the testimony was heard at the request of claimant's counsel.

An order may be submitted accordingly.

PARSONS, J., concurs.